**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Jessica HARRIS, Defendant–Appellant.**

**No. 06–60432**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Feb. 2, 2007.

---

**376**

Robert Willie Coleman, II, U.S. Attorney's Office Northern District of Mississippi, Oxford, MS, for Plaintiff–Appellee.

Darrin Jay Westfaul, The Westfaul Law Firm, Oxford, MS, for Defendant–Appellant.

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM: *

Jessica Harris appeals from her conviction following a jury trial for assaulting a United States Postal Inspector with a deadly weapon and resisting arrest by a United States Postal Inspector, in violation of 18 U.S.C. § 111. Harris argues that a comment by the district court at the conclusion of her testimony was prejudicial and denied her a fair trial because it indi-

cated to the jury that the court disbelieved her.

Harris correctly concedes that because she did not object to the district court's comment during trial review on appeal is limited to plain error. *See United States v. Saenz*, 134 F.3d 697, 701 (5th Cir.1998). To demonstrate plain error the appellant must show the following factors: (1) there is an error, (2) that is clear or obvious, and (3) that affects her substantial rights. *United States v. Olano*, 507 U.S. 725, 731–37, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). If these factors are established, the decision to correct the forfeited error is within the sound discretion of the court, and the court will not exercise that discretion unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 735–36, 113 S.Ct. 1770.

The district court's comment was an isolated remark that was not made during Harris's testimony nor specifically directed at Harris. It was immediately followed by expert testimony for the defense and rebuttal evidence from the Government, which contradicted Harris's defense. Further, the district court properly instructed the jury to disregard any comments that it may have made during trial as implying that the court had any opinion concerning the issues involved. Jurors are presumed to follow their instructions. *United States v. Wyly*, 193 F.3d 289, 299 (5th Cir.1999). Based on the totality of the circumstances, the evidence at trial, and the curative instruction, Harris fails to show that the remark was sufficiently prejudicial that it deprived her of a fair trial; she thus fails to show reversible plain error. *See Saenz*, 134 F.3d at 701; *see also Rodriguez v.*

*Riddell Sports, Inc.*, 242 F.3d 567, 579–80 (5th Cir.2001).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.